**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-50169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS OMAR ORTEGA-CASTANON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2902-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Omar Ortega-Castanon appeals the 16-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a). He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and fails to adequately account for his circumstances and motives.

Ortega-Castanon has not shown that the 16-month sentence imposed by the district court was unreasonable. Because the sentence was within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly calculated advisory guideline range of 10 to 16 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado,* 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The record demonstrates that the district court properly made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Rita v. United State*s,127 S. Ct. 2456, 2463 (2007). Ortega-Castanon has thus failed to rebut the presumption of reasonableness that this court applies to a within-guidelines sentence. *See Campos-Maldonado*,531 F.3d at 338.

Ortega-Castanon raises two additional arguments, which he acknowledges are foreclosed by this court's precedent, to preserve for further review. He argues that, in light of *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007), the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. §2L1.2, double-counts criminal history without the support of "empirical data and national experience." We have consistently rejected Ortega-Castanon's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*,569 F.3d 528, 530-31 (5th Cir.), *petition for cert. filed* (August 27, 2009) (No. 08-50902); *United States v. Mondragon-Santiago*, 564 F.3d 357k, 366-367 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Ortega-Castanon also argues that the Sentencing Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and defendants who cannot. We have held that "any sentencing disparity resulting from fast track disposition is not unwarranted." *United States v. Gomez-Herrera*,523 F.3d 554, 563 (5th Cir.), *cert. denied*,129 S. Ct. 624 (2008).

The judgment of the district court is AFFIRMED.